J-S18035-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEFFREY ALLEN CAMP, JR. | : | |
| | : | |
| Appellant | : | No. 1341 MDA 2025 |

Appeal from the PCRA Order Entered August 29, 2025
In the Court of Common Pleas of Union County Criminal Division at
No(s): CP-60-CR-0000206-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEFFREY ALLEN CAMP, JR. | : | |
| | : | |
| Appellant | : | No. 140 MDA 2026 |

Appeal from the PCRA Order Entered August 29, 2025
In the Court of Common Pleas of Union County Criminal Division at
No(s): CP-60-CR-0000207-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEFFREY ALLEN CAMP, JR. | : | |
| | : | |
| Appellant | : | No. 141 MDA 2026 |

Appeal from the PCRA Order Entered August 29, 2025
In the Court of Common Pleas of Union County Criminal Division at
No(s): CP-60-CR-0000208-2018

BEFORE:  DUBOW, J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED: JULY 24, 2026**

In these consolidated appeals,[1] Jeffrey Allen Camp, Jr. (Appellant) appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-46. Because Appellant's PCRA petition is untimely filed and Appellant failed to establish an exception, we affirm.

On October 16, 2018, Appellant entered negotiated guilty pleas at three different dockets to six counts of rape by forcible compulsion, 18 Pa.C.S. § 3121(a)(1). After his plea but prior to his sentencing, Appellant's counsel filed a petition to withdraw from representing Appellant and to withdraw Appellant's guilty pleas. After a hearing, the trial court denied both requests. Thereafter, the court sentenced Appellant to serve an aggregate of twenty-one to fifty-four years of incarceration.

Following sentencing, Appellant filed another request to withdraw his pleas. Counsel again sought to withdraw. The trial court again denied counsel's request to withdraw, and denied the request to withdraw the guilty pleas. Counsel then filed a timely notice of appeal on Appellant's behalf. ***See Commonwealth v. Camp***, 1023 MDA 2019, 2021 WL 5881750 (Pa. Super. filed Dec. 13, 2021) (unpublished memorandum) (providing history of case). The trial court then permitted Appellant's counsel to withdraw and appointed new counsel for his appeal. After other proceedings not relevant herein, this

_____

[1] This Court consolidated Appellant's appeals *sua sponte*. Order, 3/6/26.

Court affirmed Appellant's judgment of sentence on December 13, 2021. *Id.* Appellant did not seek further review.

Appellant filed his first PCRA petition on April 1, 2022. The PCRA court denied the petition on March 7, 2024. Appellant did not appeal the denial of his PCRA petition. Rather, Appellant filed the instant PCRA petition, his second, on March 10, 2025. The court ultimately dismissed Appellant's petition on August 29, 2025. Appellant filed a timely notice of appeal of this dismissal on September 22, 2025. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

"We review the denial of PCRA relief by examining whether the PCRA court's conclusions are supported by the record and free from legal error." *Commonwealth v. Johnson*, 289 A.3d 959, 979 (Pa. 2023) (citation omitted). In conducting our review,

> we consider the record in the light most favorable to the prevailing party at the PCRA level. This review is limited to the evidence of record and the factual findings of the PCRA court. We afford great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. Accordingly, as long as the PCRA court's ruling is free of legal error and is supported by record evidence, we will not disturb its ruling. Nonetheless, where the issue pertains to a question of law, our standard of review is *de novo* and our scope of review is plenary.

*Commonwealth v. Pointer*, 348 A.3d 1216, 1227 (Pa. Super. 2025).

Appellant raises the following issues on appeal:

> I. Whether the trial court erred/abused its discretion in denying [Appellant's] motion to withdraw his guilty plea prior to sentencing?

- 3 -

II.     Whether the trial court erred/abused its discretion in denying [Appellant's] motion to withdraw his guilty plea after sentencing?

III.    Whether the trial court erred/abused its discretion in denying [Appellant] to new counsel?

Appellant's brief at unnumbered page 9.

Before we consider the merits of the claims raised in Appellant's current appeal, however, we must first determine if his petition was timely filed.

The timeliness of a PCRA petition is a jurisdictional requisite. The PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of the petition. In other words, Pennsylvania law makes clear [that] **no court** has jurisdiction to hear an untimely PCRA petition. The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

*Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa. Super. 2019) (cleaned up) (emphasis in original).

Appellant's judgment of sentence became final at the expiration of the thirty-day period for seeking review with our Supreme Court, or on January 12, 2022. Pa.R.A.P. 1113(a) ("a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court"); *Commonwealth v. Smith*, 310 A.3d 94, 103 (Pa. 2024) (holding that, for PCRA purposes, the appellant's judgment of sentence becomes final when the time expires for seeking direct review of a judgment of sentence). Accordingly, Appellant had until January 12, 2023, to

- 4 -

file a timely PCRA petition. 42 Pa.C.S. § 9545(b)(1) ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final"). Appellant's PCRA petition was docketed on March 10, 2025, making it patently untimely.

The PCRA provides three exceptions to the timeliness requirement:

> Generally, to obtain merits review of a PCRA petition filed more than one year after the sentence became final; the Appellant must allege and prove at least one of the three timeliness exceptions. *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii). The Appellant must allege and prove:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>
>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>
>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). The PCRA petitioner bears the burden to allege and prove that one of the timeliness exceptions applies to their case. *Commonwealth v. Marshall*, 947 A.2d 714, 719 (Pa. 2008). Moreover, any petition invoking a timeliness exception under this section "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

We acknowledge that Appellant is proceeding *pro se*. Although this Court will liberally construe materials filed by a *pro se* litigant, such *pro se* status will not garner Appellant any particular advantage due to his lack of legal training. **Commonwealth v. Wright**, 314 A.3d 515, 523 (Pa. Super. 2024). To the contrary, a person who chooses to represent himself in legal proceedings must assume, to a reasonable extent, that his lack of expertise will be his undoing. **See Commonwealth v. Wheeler**, 314 A.3d 1286, 1288 n.7 (Pa. Super. 2024). "It is not our duty or our prerogative to develop arguments for an appellant." **Wright**, 314 A.3d at 523.

Appellant does not address the timeliness of his petition. He never sets forth the statutory exceptions to the timeliness requirement, much less attempt to prove any of them, in his brief to this Court. "We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." **Commonwealth v. Marshall**, 596 Pa. 587, 947 A.2d 714, 719 (2008). Appellant's failure to comply with the timeliness requirement of the PCRA is fatal to his quest for appellate review. Neither the PCRA court nor this Court has jurisdiction to entertain an untimely PCRA petition.[2] **Balance, supra.**

_____

[2] We also note that the issues raised by Appellant in his PCRA petition are exactly the same issues that he litigated in his direct appeal. Such claims are thus considered to be "previously litigated" under the PCRA, and cannot be the source of PCRA relief. **See** 42 Pa.C.S. § 9544(a)(2) (stating that an issue is previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the
*(Footnote Continued Next Page)*

Accordingly, we affirm the order denying Appellant's second PCRA petition.

Order affirmed.

_____

issue"); ***Commonwealth v. Johnson***, 289 A.3d 959, 999 (Pa. 2023) (citing the statute and noting that previously litigated issues are not cognizable on PCRA review). Thus, even if Appellant's petition had been timely filed, he would not have been eligible for relief on these previously-litigated claims.

Further, we note that the PCRA court held that Appellant had waived all of his claims in this appeal for failing to file a concise statement after being ordered to do so under Pa.R.A.P. 1925. ***See*** Trial Court Opinion, March 5, 2026, at unnumbered page 3. In response to the court's Rule 1925 order, Appellant filed a document on October 6, 2025, entitled "Concise Statement of Errors Complained of on Appeal," which contained only one sentence, stating that Appellant was notifying the court of his intention to file a brief on this matter. Appellant never filed such a brief. It is well-settled that any issue not raised in a Rule 1925(b) concise statement of errors will be deemed waived for appellate review. ***Commonwealth v. Snyder***, 316 A.3d 178, 181 (Pa. Super. 2024). Nonetheless, because Appellant's petition was untimely, meaning the court had no jurisdiction to address the merits of any claims raised, we do not rely upon waiver based upon the failure to file the concise statement in resolving this appeal. "[A]s an appellate court, we may affirm on any legal basis supported by the certified record." ***Commonwealth v. Ani***, 293 A.3d 704, 729 (Pa. Super. 2023).

Finally, Appellant briefly complains the PCRA court failed to appoint counsel to assist him in this serial PCRA petition. However, our Rules of Procedure only require the appointment of counsel to represent a PCRA petitioner on his first PCRA petition or when an evidentiary hearing is required. ***See*** Pa.R.Crim.P. 904(c), (d). ***See also Commonwealth v. Frame***, 244 A.3d 8, 11 n.3 (Pa. Super. 2020) (noting that the PCRA petitioner was not entitled to appointed counsel for his second PCRA petition).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/24/2026